Ingraham, J.
When the complaint was before the general term it was there held that but one cause of action is set forth in the complaint, and that is a cause of action “to enforce a right given to the creditors of Cornelius Poillon, of which plaintiff is one, by his heirs at law, at the instance of purchasers at the partition sale, to be paid their debts out of certain moneys deposited for their benefit with the defendant, the United States Trust Company, which right is dependent upon the establishment of the claims against the heirsof Poillon, as such.” 15 H. Y. St. Rep. 242. The complaint alleging that the demand due from Poillon to the plaintiff consists of a judgment for a deficiency in an action for the foreclosure of a mortgage, section 1628 of the Code applies; and as this is an action other than an action to foreclose the mortgage, and is brought to recover a part of the mortgage debt, it cannot be commenced without leave of the court in which the former foreclosure action was brought. Leave of the court was therefore necessary before the action could be maintained.
I have concluded to follow the decision of the presiding justice in the case of Hauselt v. Fine, 18 Abb. N. C. 144, where he held that a complaint was deficient which did not allege that leave of the court had been obtained. The demurrer must be sustained, and judgment ordered for the defendant, with costs; with leave to plaintiff to amend its complaint on payment of one bill of ■ costs to the defendant Eleanor P. Gage, she being the only person who has raised this point.